CAROLINE PAGE *v.* B. J. HEINEBERG.

*Corporation. Railroad Company. Deed. Estate.*

At common law, corporations generally have the legal capacity to take a title in fee to real property.

The statutes of mortmain have never been adopted in this state, so that the common law right to take an estate in fee, incident to a corporation, is unlimited, except by its charter and by statute.

The Vermont Central Railroad Company acquired title to certain land in this state by warranty deeds, in the usual form, which land they subsequently abandoned for railroad purposes, having changed the location of their road-bed. *Held,* that the land did not revert, by reason of such abandonment, but that the railroad company, by said deeds, acquired a title in fee to the same.

THIS was an action of ejectment. The case was referred and was heard on the report at the September Term, 1867, PIERPOINT, Ch. J., presiding, and judgment was rendered *pro forma* for the plaintiff,— to which the defendant excepted. The substance of the report, so far as it is material to the question decided, is stated in the opinion of the court.

*J. French* and *E. J. Phelps,* for the defendant.

Upon the discontinuance of the railroad, the land occupied by the track and depot grounds reverted to the original proprietors, Shaw, Catlin and Wires.

I. The railroad company were not authorized by their charter to acquire any greater estate in the land taken for the road way, than the easement necessary for that purpose.

1. A corporation has no powers whatever except those conferred directly or impliedly by its act of incorporation. *Vt. & C. R. R. Co.* v. *Vt. C. R. R. Co.,* 34 Vt. 47.

2. No powers will be implied except those necessary to carry out the object for which the corporation is created. Ang. & Ames on Corp. 256. And the charter will be strictly construed against them. *Rice* v. *R. Co.,* 1 Black. (U. S. Sup. Ct.) 358.

3. No language will be found in the charter either conferring, or manifesting any intent to confer, the power of acquiring a vast real

estate, extending for a hundred and fifty miles through the whole length of the state, and to be held by the corporation in fee, after the railroad should be discontinued. Acts of 1843, No. 53.

Such a power is not only wholly unnecessary to the construction and maintenance of the railroad, but is the last the legislature could be reasonably expected to grant. The most obvious considerations of propriety and public policy forbid it. And especially where the purchase of the fee is to be obtained from the citizen, under the pressure produced by the taking of a perpetual easement in the land, by the right of eminent domain. *Hill* v. *Western Vt. R. R. Co.*, 32 Vt. 68.

4. The deed of the land owner, therefore, though in terms conveying the fee, will be limited in its effect to the extent of the grantee's power to take.

5. Nor will the grantor be held estopped by his deed from asserting his claim to the reversion. There can be no estoppel against the law. Nor can a corporation acquire a power by estoppel, which their charter does not confer, and which public policy precludes. Ang. & Ames on Corp., § 151, 152 ; 1 Redf. on Railways, p. 248.

II. Irrespective of the want of power in the corporation to take the fee of the land, the deed of the roadway will have a legal effect commensurate, and no more than commensurate, with the public necessity.

On the one hand, no restriction or reservation it may contain, inconsistent with the public requirement, will be allowed to stand. *Troy & Boston R. R. Co.* v. *Potter*, Sup. Ct., Nov. Gen. Term, 1867.

And on the other, any estate it may purport to convey, more than the public use and the purpose for which the land is taken require, will fail to pass.

The whole transaction will be taken together. The deed will be construed in view of the right conferred by the charter, the great object to be effected, the circumstances under which the grantor is compelled to part with his land, at least, to the extent of the permanent easement, the plain considerations of public policy, and the right and justice of the case.

The power of eminent domain will not be allowed to be abused in

its practical exercise.    It will not be overlooked, that the distinction between the fee and a perpetual and exclusive easement in the land, is one not likely to be understood or appreciated by the citizen. That the contingency of the abandoment of the railroad, in which alone this distinction becomes of any importance, was not to be anticipated by any ordinary sagacity.    And that the provisions of the charter which authorized the corporation to take the land without consent of the owner, but to litigate with him before commissioners and on appeal as to the price, amount to a practical compulsion upon him to execute a deed.

The reasoning and intimation of the court in the case of *Hill v. Western Vt. R. R. Co.*, *supra*, are virtually decisive of this question. See also 1 Redf. on Railways, 248, and notes ;    *U. S.* v. *Harris*, 1 Sumner, 21 ;  2 Blatchford, 95.

The whole tenor and course of judicial decision in this state, on the subject of the conveyance of title for railway purposes, lead plainly to the construction for which we contend.    All such conveyances have been uniformly construed with reference to their intent and purpose solely, and the requirement of the public interest.    And the distinction has been observed throughout, that exists between the private contracts of individuals, and the exercise by the state through its chartered agents, of the power of eminent domain.

Thus a railway mortgage, creating by its terms only a dry trust, has been construed as creating an active trust.    *Sturges & Douglass* v. *Knapp et al.*, 31 Vt. 1.

A deed of the fee of land for railway purposes, has been held to convey no attachable interest.    *Hill* v. *Western Vt. R. R. Co.*, *supra.*

The title to land occupied for construction of a railroad, by consent of the owner, but without deed or payment, has been held to pass irrevocably.    *McAuley* v. *Western Vt. R. R. Co.*, 33 Vt. 311 ; *Knapp & Briggs* v. *McAuley*, 39 Vt. 275.

And express reservations in a conveyance of land for the same purposes, where inconsistent with the public use, have been held void.    *Troy & Boston R. R. Co.* v. *Potter*, *supra.*

The decision of this question does not involve any consideration of the incidental power of the corporation to purchase such real estate,

apart from their roadway, as may be necessary for the purposes of their business. That power need not be questioned.

W. C. French, for the plaintiff.

It is well settled that corporations may have a fee simple in lands for the purpose of alienation, unless restricted by their charters or by statute, when they have only a determinable fee for the purpose of enjoyment.

Chancellor KENT says : " On the dissolution of the corporation the reverter is to the original grantor and his heirs, but the grantor will be excluded by the alienation in fee, and in that way the corporation may defeat the possibility of a reverter." 2 Kent's Com. 282 ; 2 Preston on Estates, 50 ; Angell & Ames on Corp. 164 ; Nicoll v. N. Y. & Erie R. R. Co., 12 Barb. 460 ; Same case, 2 Kernan, 121, 127 ; People v. Mauran, 5 Denio, 389.

When the corporation has taken the fee of the land, the abandonment of the use of the property for the purposes of the corporation does not revest the property in the original grantor or his heirs ; not even when the title was taken by compulsory proceedings. Heywood et al. v. Mayor of New York, 3 Seld. 314 ; Rexford et al. v. Knight, 1 Kernan, 308 ; Gen. Stat., p. 222, § 31.

Judge REDFIELD's dictum, in his work on Railways, p. 126, § 3, that in some cases the reasoning of the courts would seem to imply that a railway, by a deed in fee simple, acquires only a right of way, is not sustained by the authorities cited by him. Dean v. Sullivan R. R., 2 Foster, 316 ; U. S. v. Harris, 1 Sumner, 21.

That Judge REDFIELD himself did not entertain any such view is shown by his subsequent opinion in Hill v. Western Vt. R. R. Co., 32 Vt. 74.

The opinion of the court was delivered by

PROUT, J. The only question which this case presents for consideration, is whether the Vermont Central Railroad Company acquired a title in fee to the premises described in the plaintiff's declaration, all other questions having been waived by the defendant's counsel on the argument. This company's title to the premises in question

originated in a warranty deed from Salmon Wires, and in a warranty deed from Geo. B. Shaw and Henry W. Catlin, they, at the time of the delivery of those conveyances, having the title in fee thereto; and which are respectively dated February 9th, A. D. 1850, and March 7th, A. D. 1850.   The defendant insists, that upon the discontinuance or abandonment of the railroad by the company, as it was originally located and used, the premises in controversy, which were occupied as a railroad track and depot for the use and accommodation of said railroad company, reverted; but the plaintiff claims that the company under the deeds referred to, acquired an absolute and unconditional fee therein, and claims title by virtue of the levy of an execution against the company upon the premises in controversy.   The case finds that previous to the levy of the execution, the company and those claiming under them had permanently abandoned for use, in connection with said railroad, the premises, and that the track and depot of said railroad had been located elsewhere.   The deeds to the company are in common form; of Wires, *habendum*, " to said company and assigns forever;" of Shaw and Catlin, *habendum*, " to said company, their successors and assigns forever."

At common law corporations generally have the legal capacity to take a title in fee to real property, some of the cases holding that it is incident to every corporation.   This has been long and well settled, unless in a case where a corporation purchases and undertakes to hold real property for purposes wholly outside and foreign to the object of its creation, or unless restricted by its charter or by statute.   In such a contingency, it may be that a stockholder, upon proper proceedings instituted for that purpose, might control the acts of the company in that respect, and as the facts and his legal rights, as a stockholder, might warrant.   But, however that may be, the capacity to take a grant in fee exists, and, in England, is only restricted by the statutes of mortmain.   These statutes have never been adopted in this state, so that the common law right, incident to a corporation, is unlimited, with the qualification stated.   In this state we have no general law or statute applicable to the question, except what is contained in chapter 28 of the General Statutes.

The question submitted depends then, mainly, upon the provisions of the charter of the company, under whom the plaintiff claims title to the premises in controversy. That, (Acts of 1843, 46, § 7,) provides that the corporation may take the use and possession of land and real estate for the purposes therein expressed, either by proceedings *in invitum*, or by grant and donation, making a plain distinction between the modes provided for that purpose. As to the latter mode of acquiring land for corporate purposes, that is, to aid in the construction, maintenance and accommodation of the road, its language is, " may take and hold all such grants and donations of land and real estate as may be made to the company." These are terms of the most comprehensive signification, both as to the object of the grant or donation, and the *interest* or *estate* the corporation may take, and when found in a conveyance they are descriptive of, and convey an estate in fee. 3 Kent, 10th Ed. 531. In this charter we think they have this comprehensive signification, and clothe the company with the power or capacity to take the entire estate; and that upon any reasonable construction they cannot be held to mean, under the conveyances in question, a determinable or shifting fee, dependant upon a discontinuance or abandonment of the road, or change of its location. 1 Wash. R. P. 13, 47; *Merritt* v. *Hulett*, 2 Cowen, 497; *Vt. C. R. R. Co.* v. *Burlington*, 28 Vt. 193; *Nicoll* v. *N. Y. & Erie R. R. Co.*, 2 Ker. 121; *Ibid.*, 12 Barb. 460.

We are confirmed in this view, as the terms found in the charter of the Vermont Central Railroad Company, upon which the question principally depends, have a defined legal signification. The statute (Rev. Stat., ch. 4, § 8,) relating to the construction of statutes, in force at the time the charter of this company was granted, provided that, " The word land or lands, and the words real estate, shall be construed to include lands, tenements and hereditaments, and all rights thereto, *and all interests therein*." This provision has ever since remained in force. It is then an interest or estate, such as the terms land or real estate, which are found in the charter, mean, as defined by the statute, that the company is empowered to take by grant or donation, and that is an estate in fee. It is not to be presumed that the legislature used those words in the charter in any

other sense than the one defined by that body, especially as nothing is found in its provisions evincing a different intention.

But were this a question of doubtful construction as to the capacity of the company to take by grant an estate in fee by force of the language of the charter, an inference of the legislative intent is derived from subsequent legislation. In 1849 the legislature (Acts of 1849, No. 41, § 23) passed an act providing, that in the event the location of a railroad should be changed, after the payment of land damages, when no portion of the land of the owner had been taken for the new location, then the land first taken should revert, and the company might recover back the amount paid as damages, deducting such damages therefor as had actually accrued in consequence of locating the road across the owner's land, but subject to the proviso, that the land-owner might, if he chose, convey to the company the land first located upon, and, in that event, might retain the damages awarded him. Gen. Stat., ch. 28, § 31. The conveyance contemplated by this provision, and which the land-owner may make if he chooses, and upon which his right to retain the damages awarded him is dependent, is a conveyance of the land in fee, as distinguished from a mere easement or determinable fee. This is manifest, as in the case contemplated by the Act, neither the lands nor any interest therein is required for the use or accommodation of the road by the company.

Judgment of the county court is affirmed.