ENFIELD MANUFACTURING COMPANY *vs.* ARTHUR J. N. WARD.

Hampshire.    January 15, 1906. — February 26, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Railroad.    Abandonment.*

If a railroad company acquires by a warranty deed the fee of land included in its location, begins work on the location and grades a part of the roadbed across the land, and afterwards abandons the location for railroad purposes and establishes another location elsewhere, this does not divest the railroad company of its title to the land.

Whether the owner of the fee of land can lose his title by abandonment for any length of time short of the period of limitation, *quære.*

MORTON, J. This is an action of trespass *quare clausum,* and the matter in dispute relates to the title of the locus. The plaintiff claims title through one Lebo who entered and took possession of the premises in July, 1903, and a few days after executed a warranty deed of them to the plaintiff. One Caswell

afterwards surveyed them for the plaintiff and put in pins. The defendant claims title, through his predecessors, from the Minot Manufacturing Company which formerly owned the premises, and in 1873 conveyed them by warranty deed to the Massachusetts Central Railroad Company. The railroad company began work upon its location, and a part of the roadbed across the locus was graded. This work ceased in 1874, and the locus never was used for railroad purposes. The railroad was built over another location several miles distant. The plaintiff contends that the locus had been abandoned and that Lebo's entry gave him a seisin which his deed operated to convey to the plaintiff and under which the plaintiff itself also entered. At the close of the evidence the plaintiff asked the judge to rule that the locus had been abandoned. The defendant asked for a ruling that there was no evidence for the jury on the question of abandonment. The judge ordered a verdict for the defendant, and the case is here on the plaintiff's exceptions.

It does not appear on what ground the judge ordered the verdict for the defendant, but we think that the ruling was right. The abandonment of the location for railroad purposes by the railroad company and its successors did not divest it or them of the fee. The case would have stood very differently if the interest of the railroad company had been limited to a right of way acquired by the location of its road under the statute. In that case the fee would have remained in the landowner and an abandonment of the location would have operated as an extinguishment of the easement. But in this case the fee was in the railroad company, and still remained in it notwithstanding the abandonment of the location for railroad purposes by it and its successor, the Central Massachusetts Railroad Company, and passed under the deed of the latter to the Boston and Maine Railroad and from it, by deed of release and quitclaim, to the defendant. Whether there could be an abandonment by the owner of the fee that would operate to divest him of his title short of possession continued for such a length of time as to bar an action by him for the recovery of the premises we need not consider. We think that there was no evidence of such an abandonment in this case. Abandonment is, in part at least, a

question of intention, and so far from there having been an intention on the part of the Massachusetts Central Railroad Company to adandon the locus, the vote of the directors passed in May, 1880, authorizing the president to take such action as he should deem expedient in regard to the disposition of land acquired by the company upon that part of the line which had been abandoned in the towns of Hardwick, Greenwich, Enfield (where the locus was) and Belchertown indicated directly the contrary. The fact that the trustees under the mortgage paid no taxes on the land and did not know of it and paid no attention to it had no tendency to prove an abandonment of it either on their part or that of the railroad company, even if we assume that an abandonment by the mortgagee could affect the title of the mortgagor. The question of *ultra vires* is not involved. The railroad company acquired the property rightfully, and there is nothing in the original act of incorporation (St. 1869, c. 260) or in St. 1880, c. 169, or the other amendatory acts, which rendered its continued ownership of the property unlawful after the location had been abandoned. Besides, it is doubtful, to say the least, whether if there were any question of *ultra vires* it could be raised by the plaintiff. There is nothing to show any interruption by the defendant of the plaintiff's right of way over the locus. And, as already observed, the action relates to the title and not to the right of way.

*Exceptions overruled.*

*O. E. Dunham & H. M. Coney,* for the plaintiff.
*J. C. Hammond & J. H. Schoonmaker,* for the defendant.