[Civ. No. 3308.   Second Appellate District, Division One.—July 14, 1920.]

RICHARD HENRY HANNAH et al., Respondents, v. SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation), Appellant.

[1] Deeds — Grant for Railroad Purposes — Reversion for Non-user—Title Conveyed.—A grant deed conveying to a corporation "and to its successors and assigns, for the purpose of a railroad and the uses incidental thereto," all the right, title, and interest of the grantor in a given strip of land, but providing that if any portion of such land "shall not be continuously used for such purposes and uses, then such portions ceased to be so used shall be excepted from this grant and revert to the grantor," conveys title to such strip of land, and not merely an easement, and the proviso clause constitutes a condition subsequent.

[2] Id.—Breach of Condition—Reserved Right Transferable.—The right of the grantor to take advantage of a breach of such condition subsequent is a right capable of transfer, either before or after breach of the condition.

[3] ID.— CONVEYANCE OF SURROUNDING PROPERTY — RESERVATION OF RAILROAD STRIP.—The right of the grantor to take advantage of a breach of such condition subsequent is not transferred to his grantees of the surrounding property, where the deeds to such grantees expressly reserve or except the strip theretofore granted for railroad purposes.

[4] ID.—FORFEITURE OF RIGHT OF WAY—STATUTORY PROVISION INAPPLICABLE.—Statutory provisions looking to a forfeiture of a railroad right of way cannot be applied in aid of a forfeiture claimed under a contract or condition created before the enactment of the statute.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Reversed.

The facts are stated in the opinion of the court.

Frank Thunen, Frank Karr, R. C. Gortner and W. R Millar for Appellant.

W. R. Garrett and Garrett & Coburn for Respondents.

CONREY, P. J.—Action to quiet title. Judgment in favor of the plaintiffs and an appeal therefrom by the defendant.

On the fifth day of May, 1876, Alfred Robinson, trustee, being at that time the owner of all of the land described in the complaint, executed a deed of grant to the Western Development Company, a corporation, conveying all of his right, title, and interest in a strip of land one hundred feet in width within and across the lands so owned by him, "and to its successors and assigns, for the purpose of a railroad and the uses incidental thereto." Following the description there were certain reservations and exceptions and the following proviso: "Provided also that if any portion of the land herein described and set off for the purposes of a railroad and the uses incidental thereto shall not be continuously used for such purposes and uses, then such portions ceased to be so used shall be excepted from this grant and revert to the grantor."

There are nine causes of action stated in the complaint. The allegations of each are to the same effect, except as to the particular parcel of land involved in each claimed by the plaintiffs severally. The complaint was filed on the fourth day of January, 1917. The several plaintiffs claim

title to the several parcels to which they assert ownership under a deed executed by Robinson, trustee, dated June 1, 1880, to a grantee through whom the plaintiffs derived their titles to the lands owned by them, on which titles they base their claim to the strip of land in question. The lands owned by the several plaintiffs (other than said strip of land conveyed by Robinson, trustee, to the Western Development Company and afterward conveyed by that company to the defendant Southern Pacific Railroad Company), are immediately adjacent to sundry portions of said strip of land claimed by the defendant. The deeds under which the several plaintiffs derived their titles were made subject to reservations or exceptions of said strip of land. Instances of these numerous reservations are in form as follows: "Also reserving a strip of land 100 feet wide for the right of way of the Southern Pacific Railroad Company"; "containing 20.61 acres, less 1.75 acres, right of way of said Southern Pacific Railroad 100 feet wide, 18.87 acres net"; "excepting therefrom a strip of land 100 feet wide containing 1.75 acres, being the right of way of said Southern Pacific Railroad Company"; "also reserving a 100 foot strip granted by Alfred Robinson, trustee, as a right of way for a railroad by deed recorded in book 44, page 496, of deeds, records of Los Angeles county, California." The deed to plaintiff Ida C. Hamilton is expressly bounded by "the line of the right of way of the S. P. R. R."

It is alleged in the complaint that shortly after the execution of the deed from Robinson of May 5, 1876, "a railroad was constructed and completed on the strip of land therein described and that a railroad track now exists thereon and that said Southern Pacific Railroad Company claims and pretends to keep a railroad in full operation thereon; that for more than six months last past said defendant has not kept said railroad in full operation, as required by section 468 of the Civil Code of California and by an act entitled 'an act to compel railroad corporations, or individuals owning railroads, to operate their roads,' approved April 15, 1880 (Stats. 1880, p. 43), over or upon" the strip or parcel of land of which ownership is in controversy in this action. It is further alleged "that for more than five years last past, said defendant Southern Pacific Railroad Company, has not, nor has anyone, continuously

used said portion of said strip of land for the purposes of a railroad, or the uses incidental thereto. That more than ten years ago said Southern Pacific Railroad Company constructed a railroad from a point in said strip of land described in paragraph 4 hereof, lying about due west of the center of the city of Anaheim, being northwesterly from the land of said plaintiffs above described, easterly to the central portion of said city of Anaheim, thence southerly and connecting with said strip of land described in paragraph 4 hereof, at a point southeasterly from the land of said plaintiffs above described, and ever since said time defendant has used the railroad so constructed, and has ceased and failed to use that portion of said strip of land described in paragraph 4 hereof lying between said two points therein connected with said railroad extending through the central portion of the city of Anaheim, as hereinbefore described.'' It thus appears that the plaintiffs rely upon forfeiture by the railroad company of its rights in said strip of land, first, by a failure to comply with the requirements of the specified statutes, and, second, by failure to operate the railroad over said strip of land continuously, as specified in said deed of May 5, 1876. It should be noted here that by amendment made in the year 1905 (Stats. 1905, p. 574), the provisions of the statute of 1880 were codified and added to section 468 of the Civil Code.

Appellant contends that Robinson, trustee, from and after the time of his deed to the Western Development Company had no reversion or possibility of a reversion or any estate in said strip of land, but that he had only a right in the nature of a right of action in the event of a breach of the condition subsequent set forth in the deed to the Western Development Company; that upon such breach of the condition subsequent the title would be restored to the grantor Robinson, trustee, only by forfeiture of the condition, and not by reversion; that this mere possibility was not coupled with any present interest in the land and could not be transferred, since the entire title was vested in the grantee, the Western Development Company, and later in its grantee, the defendant herein, since a mere possibility not coupled with an interest cannot be transferred (Civ. Code, sec. 1045) ; that, therefore, the respondents have no estate in the strip of land in controversy. Appellant further con-

tends that even if Robinson had a vested interest capable of transfer at the time when he made the deed under which plaintiffs claim title, the various reservations and exceptions above mentioned in the deeds constituting the several chains of title through which the plaintiffs claim as successors to Robinson show on their face that Robinson's interest in said strip of land was not conveyed to the plaintiffs. In this connection appellant contends that the trial court erred in overruling its objections to the introduction in evidence of the deeds constituting the basis of the plaintiffs' alleged titles. Respondents, on the other hand, contend that the deed of Robinson to the Western Development Company conveyed, not the fee, but merely an easement for a right of way; that Robinson remained owner of said strip of land subject only to the easement, and, therefore, with full right to convey the title thereto; that in fact the deeds under which they claim do convey to them all of Robinson's title in said strip of land subject only to the granted easement.

[1] The deed of Robinson to the Western Development Company conveyed title to the land therein described, and not merely an easement. The proviso contained in the deed, and which we have quoted herein, constituted a condition subsequent. In *Behlow* v. *Southern Pacific R. R. Co.,* 130 Cal. 16, [62 Pac. 295], the supreme court was called upon to decide this question upon a deed granting to a railway company a described strip of land containing this provision: ''The conveyance of these lands is made for railroad purposes only, and, if not so used, then it is to revert to the parties of the first part.'' The court held that this grant ''created in the grantee an estate in fee in the lands described in the complaint, determinable upon the nonperformance of the condition therein specified. This being a condition subsequent, its terms are to be strictly construed. 'Conditions subsequent are not favored in law and are construed strictly because they tend to destroy estates.' (4 Kent's Commentaries, 129.) Forfeitures are not favored in law, and conditions providing for the forfeiture of an estate are to be construed liberally in favor of the holder of the estate and strictly against an enforcement of the forfeiture. (Civ. Code, sec. 1442.) 'Conditions subsequent, especially when relied upon to work a

forfeiture, must be created by express terms or clear implication, and are construed strictly.' (Washburn on Real Property, 447.)'' Respondents insist that the deed and condition in the Behlow case are radically different from those presented in the case at bar. So far as the effect of the condition is concerned as conveying the title upon a condition subsequent, we are satisfied that the Behlow case is sufficiently similar to the Robinson deed to make that decision an authority applicable in the present instance. [2] Nevertheless, we are of the opinion that the right of Robinson, trustee, as grantor, to take advantage of a breach of the condition was a right capable of transfer. That a grantor's right of re-entry or of repossession for breach of a condition subsequent is in this state a right which can be assigned or devised either before or after breach of the condition, has been definitely settled by decision. (*Johnston* v. *City of Los Angeles,* 176 Cal. 479, [168 Pac. 1047].)

[3] But respondents have no estate or interest in the strip of land in controversy, unless the right of reversion reserved to himself by Robinson, trustee, has passed to the plaintiffs by virtue of the deeds under which they claim title as hereinabove stated. The reservations and exceptions contained in those deeds are such that no estate in the land constituting the right of way property was conveyed or purported to be conveyed to the plaintiff. And since the plaintiffs offered no other evidence than those deeds to sustain their claim of title, it follows that the evidence is insufficient to support the finding made by the court to the effect that the various plaintiffs are the owners of those portions of said strip of land claimed by them and described in their several causes of action.

Since it appears that, for the reasons above stated, the judgment must be reversed, and that those reasons indicate that the plaintiffs cannot maintain this action, an extensive review of the other grounds of appeal relied on by appellant is omitted. It is argued very forcibly by counsel for appellant that the statutory provisions now contained in section 468 of the Civil Code cannot be applied as a reason for enforcement of any right of forfeiture; that those requirements of the statute were not in existence until four years after the execution of the deed of May 5, 1876; that that deed constituted a contract establishing the sole terms

and conditions under which the title then transferred might be defeated, and that the contractual obligations thus established cannot be changed and made more burdensome by any subsequent statute. [4] Assuming, without deciding, that such statutory provisions looking to a forfeiture of a railroad right of way might in any case be enforced at the suit of private persons, or of private persons only, without prior action by the state establishing forfeiture of the company's right to operate the road, we think that such statutory provisions cannot be applied in aid of a forfeiture claimed under a contract or condition created before the enactment of the statute. To apply the statute as insisted upon by respondents would violate the constitutional right of protection against laws impairing the obligations of contracts.

Appellant contends that the evidence shows no forfeiture by appellant, either under the provisions of the deed from Robinson, trustee, or under the provisions of the statute. We deem it unnecessary to discuss these matters, or the other points relied upon, since even if the operation of the railroad has been so defective as to constitute a breach of the condition upon which defendant's title is held, nevertheless the plaintiffs could not recover in this action.

The judgment is reversed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 10, 1920, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court after decision by the district court of appeal of the second appellate district, division one, we deem it proper to note that the statement in the opinion reading as follows, viz.: "The reservations and exceptions contained in those deeds are such that no estate in the land constituting the right of way property was conveyed or purported to be conveyed to the plaintiff," is without error in so far as anything shown by the briefs is concerned. The claim that an examination of the record will show that this

statement is erroneous as to several of the plaintiffs, that there was a difference in this respect between their deeds and the deeds of the other plaintiffs, appears to be made for the first time in the petition for hearing filed herein.

The application for a hearing in this court is denied.

All the Justices concurred.