[Civ. No. 4050.   First Appellate District, Division Two.—December 5, 1921.]

## WILTON H. PALMER, Appellant, v. LOS ANGELES, OCEAN PARK AND SANTA MONICA RAILWAY COMPANY (a Corporation), et al., Respondents.

[1] RAILROADS—DEED OF STRIP OF LAND—CONSTRUCTION OF ROAD—CONDITION SUBSEQUENT.—A deed of a strip of land to a railroad company in consideration of the promise of the company to construct a road cannot be construed as a deed containing conditions subsequent in the absence of anything in the deed itself to such effect or in the language of the promise purporting to state a condition or forfeiture.

[2] ID.—PURCHASE OF LAND FOR UNAUTHORIZED PURPOSES—RIGHT OF COMPLAINT.—If a railroad company has purchased land for purposes not authorized by its charter, the question may be examined into by the state, but the grantor may not complain.

[3] SPECIFIC PERFORMANCE — RAILROAD CONTRACT — WHEN NOT ENFORCEABLE—STATUTE OF LIMITATIONS.—A railroad company cannot be compelled to specifically perform a contract for the construction of a road under a complaint which shows the making of an alleged promise so to do over seventeen years prior to the filing of the complaint and that no railroad other than a construction road has been built.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John W. Shenk, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Waldo M. York and Harry M. Irwin for Appellant.

Frank Karr, R. C. Gortner and W. R. Millar for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendants, the defendants appeared and interposed demurrers, the demurrers were sustained; the plaintiff elected not to amend, and judgment was thereafter entered in favor of the defendants for their costs.   From that judgment the plaintiff has appealed.

2.   Effect of *ultra vires* purchase of land by corporation, notes, 70 Am. St. Rep. 156; 17 Ann. Cas. 529.

The complaint alleged the incorporation of the corporations; that on the twenty-seventh day of March, 1903, the plaintiff was the owner of a tract of land near Santa Monica, in the county of Los Angeles, and that the tract was bounded on the south by the Compton and Santa Monica road; that the defendant, Los Angeles, Ocean Park & Santa Monica Railway Company, was incorporated to build and operate a railroad from Los Angeles to Santa Monica; that on the twenty-seventh day of March, 1903, the said company offered plaintiff that if plaintiff would convey to it a right of way for a railroad across plaintiff's land fifty feet wide and adjoining the Compton road, the company would construct an electric railroad between the two places named and would operate cars upon said railroad for the transportation of passengers so that plaintiff could make his home upon said land and maintain an office in Los Angeles, and that it would permit plaintiff to maintain three passageways from the lands of plaintiff to the Compton road, and also made other promises and in addition thereto offered to pay plaintiff fifteen hundred dollars; that thereupon plaintiff made and executed to the defendant for a consideration recited as ten dollars a deed, which in form is an ordinary grant, bargain, and sale deed describing a tract "running northeasterly and parallel to the said Compton and Santa Monica road about 2,700 feet to a point distant at right angles 25 feet northerly from the point of intersection of the northerly line of said Compton and Santa Monica road with the southerly line of the road commonly known as Zanja street, which said line is in the center line of the strip of land 50 feet in width located as the right of way of the above named second party"; that plaintiff would not have executed said deed except for said promises; that the company has not constructed said road; that no railroad except a construction railroad has been built on the tract described; that plaintiff has been damaged "by said failure of said defendant to perform its said contract and by his being excluded from said land so claimed as a right of way in the sum of more than $2,000"; that the other defendants claim an interest in said strip, but that their rights are subject to and subsequent to the rights of the plaintiff and were acquired with full notice and knowledge of plaintiff's rights. The prayer of the complaint was that the

company be directed by the court to construct and equip and operate the said railroad and fix a time for such performance, and that if the company fail to comply within the time so fixed by the court, that then the interest of the defendant company be declared forfeited and plaintiff's title be quieted and for general relief. The demurrers included nearly all of the statutory grounds and also pleaded that the plaintiff's cause of action, if any, was barred by plaintiff's laches and the statute of limitations. (Code Civ. Proc., sec. 337; subd. 1, sec. 338; subds. 1, 2, 4, sec. 340; subd. 1, secs. 318, 319, 322, 343.)

[1] In the first place, the plaintiff asserts that the deed dated March 27, 1903, is a grant of a right of way. In the second place, the plaintiff contends that the deed is in legal effect, a conditional deed—contains certain conditions subsequent. However, there is not a word in the deed showing or even hinting at a condition subsequent. Nor does the instrument contain any passage that can be said to be ambiguous. The deed must be measured according to its terms. The promises made by the grantee were merely the personal covenants of the grantee. It is not alleged whether the promises were made orally or in writing. We will assume they were made in writing, and as authentic as the deed itself. Certainly those promises are of no greater force than parts actually incorporated into the deed. But the language of those promises, as alleged by the pleader, does not even purport to state a condition or a forfeiture; and, if it did, such language would be strictly construed as against a forfeiture. (*Behlow* v. *Southern Pac. R. R. Co.*, 130 Cal. 16 [62 Pac. 295]; *Reclamation Dist.* v. *Van Loben Sels*, 145 Cal. 181, 184 [78 Pac. 638]; *Shaw* v. *Caldwell*, 16 Cal. App. 1, 6–9 [115 Pac. 941].) We may not hold that the deed, on its face, or as aided by the allegations of the complaint, was a deed containing conditions subsequent. Furthermore, we must hold that the deed conveyed the fee. (*Hannah* v. *Southern Pac. R. R. Co.*, 48 Cal. App. 517 [192 Pac. 304].) But, the plaintiff says, under the provisions of sections 360, 465 of the Civil Code the grantee had no power to purchase land except for railroad purposes. To this contention there are two answers. The plaintiff alleged that the grantee thereafter constructed, and now has on the land, a construction railroad—this is a railroad pur-

pose.  [2]  The other answer is that if the grantee has purchased land for purposes not authorized by its charter the question may be examined into by the state, but the grantor may not complain.  (*Union Water Co.* v. *Murphy's Flat Fluming Co.,* 22 Cal. 620, 630; *Savings Bank of San Diego* v. *Barrett,* 126 Cal. 413, 417 [58 Pac. 914]; *Ingle Mfg. Co.* v. *Scales,* 36 Cal. App. 410, 412 [172 Pac. 169].)

[3]  The plaintiff claims that the promises made by the Railroad Company became a part of the deed.  We do not understand the appellant to controvert that proposition. But the claim does not assist the plaintiff.  It leads us to the position of holding that the plaintiff, at the time he filed his complaint, May 18, 1920, was attempting to enforce a contract made March 27, 1903.  As an action for damages for a breach of contract, the action was barred in four years (Code Civ. Proc., sec. 337, subd. 1; *Ahlers* v. *Smiley,* 163 Cal. 200, 204 [124 Pac. 827].)  As an action for specific performance of the alleged contract, the action was barred in four years after the date when performance was due. (*Archer* v. *Harvey,* 164 Cal. 274 [128 Pac. 410].)  To meet this point the plaintiff claims that the duty the grantee owed him was in the nature of a continuing contract.  (1 Wood on Limitations, p. 659.)  That authority does not support the plaintiff's contention.  The rule stated in the text is but another form of stating that the statute of limitations does not run against a public nuisance, because each day a new cause of action arises.  In this case this plaintiff claims that the grantee promised in 1903 to construct a railroad and that it has not done so.  That such contracts will not be enforced, we need do no more than cite *Texas etc. Ry. Co.* v. *Marshall,* 136 U. S. 393 [34 L. Ed. 385, 10 Sup. Ct. Rep. 846], and the cases cited in 15 Rose's Notes, page 191.  As an action in specific performance, the complaint did not state sufficient facts.

The plaintiff cites and relies on *City of Tyler* v. *St. Louis Southwestern Ry. Co. of Texas,* 99 Tex. 491 [13 Ann. Cas. 911, 91 S. W. 1]; *Aikin* v. *Albany etc. R. R. Co.,* 26 Barb. (N. Y.) 289; *Gray* v. *Burlington etc. R. R. Co.,* 37 Iowa, 119; *Hubbard* v. *Kansas City etc. R. R. Co.,* 63 Mo. 68; and, 2 Elliott on Railroads, p. 441, sec. 942.

Each of those authorities is to the effect that, when the action is brought at a proper time, a railroad company may

be compelled, in certain instances, to specifically perform its real estate contracts. We have not held to the contrary except as to the facts before us in this particular case.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1922.

All the Justices concurred.