[S. F. No. 3739. Department Two.—May 11, 1904.]

SAMPSON B. WRIGHT et al., Appellants, v. HERBERT W. AUSTIN et al., Respondents.

HIGHWAY—EASEMENT—RIGHTS OF PUBLIC AND OF OWNER OF FEE.—A public highway is an easement; and by taking and accepting land therefor the public acquire only the right of way and the incidents necessary to enjoying and maintaining the same. The owner of the fee over which the highway is laid retains his rights in the soil for all purposes which are consistent with the full enjoyment of the easement by the public.

ID.—WELL IN ROAD FOR SPRINKLING—TITLE TO PERCOLATING WATER—INJUNCTION.—The sprinkling of a highway, though desirable, and provided for at cost of the public, is not a necessary incident to the enjoyment and maintenance of the easement. The title to all water percolating beneath the soil of the road is in the owner of the fee; and he may enjoin the public authorities from using such water for sprinkling the highway by means of a well dug in the highway on his land for that purpose.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge.

The facts are stated in the opinion.

Butts & Weske, for Appellants.

The owner of the fee has all rights in the soil not inconsistent with the easement of the public. (Pol. Code, sec. 2631; *Coburn* v. *Ames,* 52 Cal. 387;[1] *North Fork Water Co.* v. *Edwards,* 121 Cal. 662; 15 Am. & Eng. Ency. of Law, 2d ed., p. 419, and cases cited; *Pumpelly* v. *Green Bay Co.,* 13 Wall. 166, 181-182; *People* v. *Foss,* 80 Mich. 559;[2] *Gamble* v. *Pettijohn,* 116 Mo. 375; *Fisher* v. *Rochester,* 6 Lans. 225; *Gidney* v. *Earl,* 12 Wend. 98; *Jackson* v. *Hathaway,* 15 Johns. 452;[3] *Rich* v. *City of Minneapolis,* 37 Minn. 423; *Robert* v. *Sadler,* 104 N. Y. 229.[4]) He owns the percolating water therein as part of the soil. (*Hanson* v. *McCue,* 42 Cal. 303;[5] *Southern Pacific R. R. Co.* v. *Dufour,* 95 Cal. 615.) The public have no right to divert water therefrom. (*Old Town* v. *Dooley,* 81 Ill. 255; *Town of Suffield* v. *Hathaway,* 44 Conn. 521.[6]) There can be no adverse easement in percolating water. (*Greenleaf* v. *Francis,* 18 Pick. 122; *Frazier* v. *Brown,* 12 Ohio St. 311.)

C. H. Pond, and R. L. Thompson, for Respondents.

The use of the water taken from the well in the road for sprinkling the highway was an incidental right of the public to keep the road in repair reasonably exercised. (Pol. Code, sec. 2631; Am. & Eng. Ency. of Law, 2d ed., p. 419; Elliott on Roads and Streets, p. 360; *Bundy* v. *Catto,* 61 Ill. App. 209; *Overman* v. *May,* 35 Iowa, 89; *New Haven* v. *Sargent,* 38 Conn. 50;[7] *Felch* v. *Gilman,* 22 Vt. 38; *West* v. *Bancroft,* 32 Vt. 367; *Coot* v. *Hecht,* 64 Mo. App. 273.)

CHIPMAN, C.—The case is here on appeal from a judgment on an agreed statement of facts. Plaintiffs are, and have been for many years, the owners of the premises described in the complaint, situated in Santa Rosa Road District, Sonoma County. Along the northerly side of said lands there is a public highway which has been in use as such for more

[1] 28 Am. Rep. 634.
[2] 20 Am. St. Rep. 532, and note.
[3] 8 Am. Dec. 263.
[4] 58 Am. Rep. 498, and note.

[5] 10 Am. Rep. 299.
[6] 26 Am. Rep. 483.
[7] 9 Am. Rep. 360.

than thirty years, and occupies a strip of land twenty-five feet wide, and the center line of the road is the north boundary-line of plaintiff's land; defendants are the board of supervisors of said county and the *ex officio* road commissioner of the said road district; on May 27, 1903, defendants, in their· official capacity, without the consent of plaintiffs, went upon said strip of land, erected machinery for the purpose of boring a well on said highway about four or five feet from the southerly line thereof, and where said highway ran along and over plaintiffs' land. This well was six inches in diameter, and was bored to the depth of forty-four feet, and an iron pipe or casing placed therein, and defendants erected over said well a windmill and pump and water-tank. This well was bored and the pump and tank were erected "for the purpose of obtaining water from said well to sprinkle and keep in repair said public road"; the plant was so erected as not to interfere in any way with the free use and enjoyment by the public of said highway; "said highway was not out of repair at the point .where said well was bored, . . . and said well was not bored for the purpose of getting soil to repair said highway, but was bored solely for the purpose of getting water to sprinkle said highway and thereby to prevent the same from .getting out of repair and to render it more fit and convenient for public use." The water · "sought to be taken from said well is such as flows or percolates through the soil of said premises at a depth of from twenty to forty-four feet from the surface of the ground." It is further stipulated that the defendants "threaten to and will operate. said pump, windmill, and waterworks, and take and remove from said well large quantities of water, which flows and percolates through the side of said premises into said well, and use the same upon said highway, unless restrained by injunction of this court."

There is no stipulation as to whether plaintiffs were making any use of the percolating waters subterranean of their land, or as to the damages alleged.

Plaintiffs appeal from the judgment given in defendants' favor.

Section 2631 of the Political Code reads: "By taking or accepting land for a highway, the public acquire only the

right of way, and the incidents necessary to enjoying and maintaining the same, subject to the regulations in this and the Civil Code provided."

This is but the formulation of the general rule laid down in the books and decided cases when treating of highways as easements, which they are.

Speaking of the rights retained by the adjacent owner, Parker, C. J., in *Tucker* v. *Tower*, 9 Pick. 109,[1] said: "It is too clear to require any discussion that the proprietor of land over which a public highway has been laid retains his right in the soil for all purposes which are consistent with the full enjoyment of the easement acquired by the public." The question here raised has, in one form or another, been before the courts frequently, and it will be found that the decisions invariably turn upon what may reasonably be said to be "incident" to either the construction, repair, or maintenance of the road constructed over the right of way. The decided cases (and they are numerous) are illustrative of the principle declared in the code, but in none of the cases cited, and in none we have been able to find, has it been held that the easement or the dominant tenement draws to it the right, as an incident, to bore or dig wells along the right of way for the purpose above stated.

It was said in *Burris* v. *People's Ditch Co.*, 104 Cal. 248: "It is well settled that the owner of an easement cannot change its character, or materially increase the burden upon the servient estate, or injuriously affect the rights of other persons, but within the limits named he may make repairs, improvements, or changes that do not affect its substance."

In *North Fork Water Co.* v. *Edwards*, 121 Cal. 662, it was said: "Every easement includes what are termed 'secondary easements'; that is, the right to do such things as are necessary for the full enjoyment of the easement itself, but this right is limited, and must be exercised in such reasonable manner as not to injuriously increase the burden upon the servient tenement. The burden of the dominant tenement cannot be enlarged to the manifest injury of the servient estate by any alteration in the mode of enjoying the former. The owner cannot commit a trespass upon the servient tenement beyond the limits fixed by the grant or use."

[1] 19 Am. Dec. 350.

If we are to hold that the county may dig or bore wells, and to any depth necessary to obtain water at convenient distances along the highways, for the purposes named, it must be because it has the right as an incident to the principal object, which is to establish a highway, and as necessary to that object. And the right would not depend on the fact that the owner of the servient tenement was not at the time using the water or contemplating its use. Should he find it necessary to use the percolating waters in his land adjacent to the highway, and should it be found that the wells in the highway diminished his flow of water materially, the county would still have the right to a just apportionment of the water if respondent's contention be sound, and if the percolating waters pass as incident to the easement. In other words, it must be held that the percolating waters under the surface of a highway are acquired as incident to the easement, and are a part of the grant or use, at least to the extent needed to sprinkle the highway, and that to that extent these waters do not belong to the owner of the servient tenement. A very small mileage of the public roads of the country are sprinkled with water as a means of preservation. Doubtless such use of water on some roads is desirable in maintaining them and adds to their convenient use, but it can hardly be said generally that the sprinkling of roads is necessary to their maintenance.

In *Town of Suffield* v. *Hathaway,* 44 Conn. 521,[1] it was held that the selectmen of a town have no right as against an owner of land on the highway to divert the water from a spring on such owner's side of the highway to a public watering-trough on the other side. *Jackson* v. *Hathaway,* 15 Johns. 447,[2] was cited approvingly where it was said: "When the sovereign imposes a public right of way upon the land of an individual, the title of the former owner is not extinguished, but is so qualified that it can only be enjoyed subject to that easement. The former proprietor still retains the exclusive right in all mines, quarries, springs of water, timber, and earth, for every purpose not incompatible with the public right of way." In the Suffield case, *Woodruff* v. *Neal,* 28 Conn. 167, was also cited, where it was said to be well established, "In conformity with the principles of the common

[1] 26 Am. Rep. 483.                    [2] 8 Am. Dec. 263.

law, that a highway is simply an easement or servitude, conferring upon the public only the right of passage over the land on which it is laid out, and as an incident of such right that of using the soil or material upon it in a reasonable manner for the purpose of making and repairing it. . . . Subject to this right of the public, he may take trees growing upon the land, occupy mines, sink watercourses under it, and generally has a right to every use and profit which can be derived from it consistent with the easement, and when disseized (as he may be) can maintain ejectment, and recover possession subject to the easement, and can also maintain trespass for any act done to the land not necessary for the enjoyment of the easement, which would be an actionable injury if the land was not covered by a highway.'' The right of the owner of the fee to whatever may be said to belong to the owner of the land necessarily draws to it the right of appropriation and use at all times, subject only to such rights as go with the easement. At least as between the parties to this action, the percolating waters of the land are property in the same sense as are mines, quarries, springs, and the like, and plaintiffs' right thereto is unaffected by the easement, unless it be true that defendants may, as of right, bore down to and draw the water from its subterranean sources for the purposes named. But we think that defendants have not that right, and it therefore becomes immaterial whether plaintiffs are now using the water or that they are not now specially damaged by defendants' use. In our opinion, the subterranean water underlying a highway cannot reasonably be said to be one of the ''incidents necessary to enjoying and maintaining the same'' any more than can the waters of a spring be said to be an incident to the easement. The county is not without authority to provide means for making the roadway more convenient by sprinkling, or to thus provide for its enjoyment and maintenance. Subdivision 10 of section 2643 of the Political Code provides: ''For the purpose of sprinkling the roads in any part of the county with oil or water, the board of supervisors may erect and maintain waterworks and oiltanks and reservoirs, and for such purposes may purchase or lease real or personal property,'' the cost to ''be charged to the general county fund, the general road fund, or the district fund of the district or districts benefited.''

This statute indicates that the legislature deemed it necessary to provide some further authority for sprinkling the highways than was given in section 2631 of the Political Code. The statute referred to at least would seem to corroborate the view we have taken of that section.

The court said in *Robert* v. *Sadler*, 104 N. Y. 229 [1]: "The courts have held that where, to reach and prepare the surface of the road in accordance with its grade-line, superincumbent material is necessarily removed, it may be used upon other parts of the road, and upon the premises of other landowners; and that, where there has been no negligence in construction, consequential injuries necessarily resulting cannot be recovered. It was said in *Pumpelly* v. *Green Bay Co.*, 13 Wall. 181, that this class of decisions 'have gone to the uttermost limit of sound judicial construction,' and 'in some cases beyond it.' The observation was just. To take merely an easement in land, leaving the fee in the owner, and then, by advancing stages of judicial endurance sap the value and utility of the fee by adding its benefits to the easements, is scarcely consistent with the policy which is at the same time sedulously protecting the rights of abutters having no fee in the street whatever, to their easements of light and air and access."

In the case cited pits were dug for gravel with which to cover the roadway, and for this reason defendants claim that the case is not in point. But would it have been less so if the gravel had been obtained by sinking shafts and mining for it in such manner as not to interfere with the surface of the roadway? The question always recurs, What incidents pass with the easement, and what rights go as incidents? The diligence of counsel (and the briefs on both sides cite cases copiously), aided by our own research, has failed to disclose a case where it has been held that the easement brings with it the right to penetrate the earth along the highway to an indefinite extent for materials with which to construct and maintain it.

Upon the facts as stipulated we think the judgment as entered should be reversed, and judgment should be for the plaintiff as prayed for in the complaint, restraining defendants "from taking, appropriating, or removing the percolat-

---

[1] 58 Am. Rep. 498, and note.

ing waters from plaintiffs' said lands," described in the complaint. It is accordingly so advised.

Cooper, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, with directions to enter judgment in favor of plaintiffs as prayed for in the complaint, restraining defendants from taking, appropriating, or removing the percolating waters from plaintiffs' said lands, described in the complaint.          McFarland, J., Lorigan, J., Henshaw, J.