[Sac. No. 1969. Department One.—January 2, 1913.]

CHARLES OLAINE, Appellant, v. CHARLES McGRAW et al., Respondents.

MINES—QUARTZ LOCATION OVERLAPPING PRIOR VALID PLACER CLAIM—FINDINGS—EVIDENCE—WANT OF DISCOVERY—FAILURE TO DO ASSESSMENT WORK.—In an action to recover the possession of land included within a quartz mining location, the evidence is held sufficient to support the findings that the plaintiff's quartz location overlapped a portion of a certain placer mine which, for upward of ten years, had been owned and continuously worked by one of the defendants and his predecessors in interest; that at the time said quartz claim was located by the plaintiff, there was no discovery made by plaintiff of gold-bearing rock or mineral in place, and that the plaintiff had failed to do the annual assessment-work on his claim.

ID.—PLEADING—ANSWER DENYING PLAINTIFF'S OWNERSHIP—EVIDENCE OF PRIOR PLACER CLAIM.—In such action, the defendants, under an answer denying the plaintiff's ownership as well as all the other allegations of the complaint, may offer evidence of their ownership and occupancy under the prior placer location, without specifically pleading such defense.

ID.—ESTABLISHMENT OF HIGHWAY OVER PLACER CLAIM.—The action of the board of supervisors in declaring a portion of such placer mining claim to be a public highway, could not affect the claim further than to establish an easement over it to the extent stated, for public use as a highway. In such action, evidence of the establishment of the highway is immaterial.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—NECESSARY SHOWING.—A new trial cannot be granted on the ground of newly discovered evidence, in the absence of a showing that the proposed evidence was

not known to the moving party at the time of the trial, or, if not then known, could not with reasonable diligence have been discovered and produced at the trial.

APPEAL from an order of the Superior Court of Siskiyou County refusing a new trial. James F. Lodge, Judge.

The facts are stated in the opinion of the court.

B. K. Collier, and James D. Fairchild, for Appellant.

Taylor & Tebbe, for Respondents.

ANGELLOTTI, J.—This is an action for damages and for an injunction. Plaintiff alleged that ever since June 15, 1909, he has been entitled to the exclusive possession of certain described territory known as the Eastern Star Quartz Mining Claim, the same constituting a quartz mining location chiefly valuable for the gold-bearing rock and earth contained therein, and that defendants on or about October 3, 1910, wrongfully entered thereon, took and appropriated to their own use large quantities of such rock and earth, and are continuing so to do, to his damage in the sum of one hundred dollars; that defendants threaten to continue to so do, and that the consequent injury to plaintiff will be irreparable. Defendants by their answer denied the allegations of the complaint, and further alleged that defendant Charles McGraw, Jr., is and ever since October 3, 1910, has been, the owner, in the possession of and entitled to the exclusive possession of that certain quartz mining claim known as Leroy Fraction, which includes a portion of the land claimed by plaintiff to be within the limits of his alleged Eastern Star location.

The case was tried by the court without a jury, and the findings were in favor of defendants. Judgment was given that plaintiff take nothing by his action. This is an appeal only from an order denying plaintiff's motion for a new trial. We are, therefore, here concerned with such points only as are available on motion for a new trial.

Plaintiff's attempted location of a quartz mining claim was made June 15, 1909. The land described in the notice was a piece of land triangular in shape, running northwest and southeast, six hundred feet wide on the northwest and run-

ning to a point at the southeast end. The plaintiff claimed
that prior to making his location he made a sufficient discovery of gold-bearing quartz in place in the northwesterly portion of this triangular piece.

The trial court found that plaintiff's claim overlapped a
portion of a certain placer mine which had been, since the
year 1888, owned and continuously worked by Charles McGraw, and his predecessor in interest, and that the contact
between the said claims comprised a piece of land on the west
border of said placer mine about one thousand five hundred
feet in length and about sixty-six feet in width. It is stated
generally in appellant's brief that this finding is not supported by the evidence, but it is not pointed out wherein it
lacks such support. An examination of the record discloses
that there was ample evidence to sustain a conclusion that
plaintiff's alleged claim overlapped to the extent stated a portion of the Ashantee Placer Mining Claim, located by James
McGraw on May 16, 1888, and transferred by said James
McGraw to Charles McGraw on February 6, 1903, and that
said claim had been continuously worked by Charles McGraw
and his predecessors ever since the year 1888.

It was found that at the time said quartz claim was located
by plaintiff, there was no discovery made by plaintiff of gold-bearing rock or mineral in place. This finding is earnestly
attacked as being without sufficient support in the evidence.
We have carefully read so much of the record as bears upon
this point, and while it may be that a contrary finding would
have been amply supported, we are satisfied that it cannot
be held that there is not sufficient support in the evidence for
the conclusion reached by the trial court. It must be borne
in mind that the alleged discovery was purely a surface discovery, plaintiff not opening up the ground at all, but basing
his conclusions almost entirely upon the appearance of the
surface. The testimony of witnesses for defendants, who
subsequently examined the claim, was squarely opposed to
that of plaintiff and his witnesses as to "croppings, iron,
quartz or anything that would indicate mineral." The situation was such that we cannot say that the court was not warranted in failing to give any particular weight to plaintiff's
testimony that he "found gold in rock" that he took from the
surface at his alleged point of discovery. As to this finding

we have at best simply the usual situation of conflicting evidence, upon which a finding either way would be held by an appellate court to be sufficiently sustained by evidence.

The fourth and fifth findings, which are also attacked as being without support in the evidence, are, so far as material, substantially as follows: Plaintiff never performed any work upon his claim except as hereinafter stated. During 1909 and 1910 he authorized one Butler to work thereon, on his (Butler's) own account, with the understanding that he (plaintiff) could claim Butler's work as his assessment work on said Eastern Star claim. Butler associated Charles McGraw, Jr., with him in the work, and they made a great number of small excavations upon the land described in plaintiff's complaint, most of which were made upon the McGraw placer claim. All the work done upon such placer claim by Butler and McGraw, Jr., was done under an agreement with McGraw, Sr., by which the latter was to receive twenty per cent royalty upon all gold or precious minerals extracted therefrom. They discovered "upon said placer mine stringers of quartz and extracted therefrom the sum of $2,600, twenty per cent of which was paid to defendant, Charles McGraw." This work and labor was performed at a point about six hundred feet from said "alleged discovery." As to these findings, the evidence was clearly sufficient to support the conclusion that the work and labor of Butler and McGraw, Jr., was done more than three hundred feet from plaintiff's "alleged discovery." The testimony was such that we cannot hold that it does not sufficiently support the conclusion that most of their work was on the land covered by McGraw's placer claim and that the discovery made by them was made on such land. In no other material respect does plaintiff claim these findings to be unsupported by the evidence.

The sixth finding is to the effect that on or about October 10, 1910, with the consent of McGraw, Sr., McGraw, Jr., located a quartz mine, known as the Leroy Fraction, based on the discovery referred to in the fourth and fifth findings, and that such Leroy Fraction was properly marked on the ground, etc. We are unable to see wherein this finding is without sufficient support in the evidence given by Charles McGraw, Jr., and in the recorded copy of the notice of location.

There was no error in permitting defendants to show the facts as to the ownership and occupancy by McGraw of the Ashantee placer mine, although they had not specifically set up the same as a defense in their answer. They had denied plaintiff's allegation of ownership, as well as all the other allegations of his complaint, and evidence of McGraw's ownership and occupancy of the land embraced in the Ashantee placer claim was clearly relevant and material evidence in support of such denials.

We are unable to perceive the materiality of certain proposed evidence to the effect that on January 5, 1909, the board of supervisors of Siskiyou County declared twelve feet of the bed of Ash Creek, included in McGraw's placer mining claim, to be a public highway. Such action by the board of supervisors could not affect the claim further than to establish an easement over the same to the extent stated, for public use as a highway. The trial court did not err in excluding the proferred evidence.

Various affidavits were presented on the motion for a new trial, in support of the claim that the motion should be granted on the ground of newly discovered evidence. There is absolutely no pretense of a showing that any of the proposed evidence set forth in the affidavits was not known to plaintiff at the time of the trial except the proposed evidence of Mr. H. N. Bean as to a conversation with one of defendants' witnesses after the trial, or, if not then known, could not with reasonable diligence have been discovered and produced at the trial. It is, of course, well settled that such a showing is essential to warrant the granting of a new trial on the ground of newly discovered evidence. The provision of the Code of Civil Procedure on the subject is that a new trial may be granted on account of "newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial." (Code Civ. Proc., sec. 657, subd. 4.) It cannot reasonably be claimed that the proposed evidence of Mr. Bean was of such a nature as to require the trial court to grant a new trial on this ground.

The order denying a new trial is affirmed.

Shaw, J., and Sloss, J., concurred.