[Sac. No. 2919. In Bank.—June 14, 1921.]

W. S. PARKS, Respondent, v. EMERY GATES, Appellant.

[1] EASEMENTS — RIGHT OF MAINTENANCE OF WATER DITCH ACROSS ROAD—OWNERSHIP OF FEE OF ROAD—PRESCRIPTIVE RIGHT IMMATERIAL—EFFECT OF FINDING.—In an action to enjoin defendant from obstructing and interfering with plaintiff's maintenance and use of an irrigating ditch across a strip of land, the finding that the title to the strip was in the plaintiff, subject only to an easement in favor of defendant for road purposes, was sufficient to support a judgment in plaintiff's favor, irrespective of whether plaintiff had a prescriptive right to run water through the ditch across the right of way, in the absence of any showing that the maintenance of the ditch interfered with the easement for a road.

[2] ID.—DEEDS—RIGHT OF WAY FOR ROAD PURPOSES—CONSTRUCTION OF DEED.—A declaration in a deed immediately following the granting words and the description that the purpose of the grant is to give the grantee a right of way from his premises to the county road shows an expressed intention · to limit the interest conveyed to an easement for a right of way.

[3] ID.—GRANT OF RIGHT OF WAY — INTEREST CONVEYED.—A direct grant of a right of way for a road carries with it only an easement in the land and nothing passes but that which is necessary for its reasonable and proper enjoyment.

[4] DEED—CONSTRUCTION—HABENDUM CLAUSE.—In determining the effect of a deed, the whole instrument must be read together, and the *habendum* clause may be resorted to as a limitation upon the estate granted.

[5] WATERS AND WATER RIGHTS—TENANCY IN COMMON—DIVISION OF LAND—PASSING OF EASEMENT.—Where an irrigating ditch was constructed over two tracts of land for the use of all the land

---

4. Construction of *habendum* clause in connection with premises, notes, 8 Ann. Cas. 444; Ann. Cas. 1915A, 1248; Ann. Cas. 1917D, 661; Ann. Cas. 1918E, 880.

while it was owned by tenants in common, the easement to maintain the ditch through the tract acquired by a cotenant upon a division of the land passed to him under section 1104 of the Civil Code.

[6] ID.—PRESCRIPTIVE RIGHT TO DITCH—SUFFICIENCY OF EVIDENCE.— A prescriptive right to run water through a ditch across a right of way is established by the maintenance and operation of the ditch for upward of six years continuously, openly, and adversely with full knowledge of the adverse party.

APPEAL from a judgment of the Superior Court of Stanislaus County. W. H. Langdon, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Hatton and Hatton & Scott for Appellant.

L. L. Dennett and Dennett & Zion for Respondent.

SLOANE, J.—This appeal is from a judgment enjoining defendant from obstructing and interfering with plaintiff's maintenance and use of an irrigating ditch across a twenty-four-foot strip of land, the fee title to which is claimed by both parties.

The history of the transaction as appears from the record shows that some years prior to this litigation one Hurlburt and the respondent Parks owned as tenants in common a tract of land comprising 176 acres. Later, by an interchange of deeds, Hurlburt became the owner of the north seventy-six acres of the tract and Parks became the owner of the south one hundred acres. During the period that Hurlburt and Parks owned the entire property in common there existed a roadway running from the northern tract, upon which farm buildings were situated, through and near the center of the southern tract, and to and connecting with a county road on the south. On October 31, 1908, about three months after the deeds between Hurlburt and Parks conveying these separate tracts in severalty Parks executed a deed to Hurlburt of the strip of land in dispute which followed the line of this roadway, by a conveyance containing in its granting clause the following recital: "Does grant, bargain and convey: All of that certain lot or parcel of land situate, lying and being in the County of Stanislaus, State of California, and bounded and particu-

larly described as follows." Here follows a description by courses and distances of this disputed strip of land, with the concluding words: "This grant is for the —— of granting to party of the second part a right of way from his premises to the County Road." Subsequently, by mesne conveyance from Hurlburt, the north seventy-six acres and the strip in dispute were conveyed by straight bargain and sale deeds to the defendant Gates.

In this connection it will be helpful to an understanding of the entire situation to also state that the irrigation ditch in question was located upon the 176 acres of land while the entire tract was owned in common by Hurlburt and Parks, and extended from the northerly line of the tract toward the east side across the seventy-six acre tract, and partly across the one hundred acre tract, and then turned west and extended across this roadway into the westerly side of the one hundred acre tract. It was constructed and used for conveying water from the Turlock irrigation canals for the irrigation of these lands of Hurlburt and Parks, and was used by respondent Parks thereafter during all the time subsequent to his acquiring title in severalty to the south one hundred acres and up to the time of the commencement of this action.

It is for filling up and obstructing this ditch where it crosses the road, by defendant, that this injunction was sought.

The contention of appellant is that the deed of October 31, 1908, vested in him the title in fee to this strip of land. Respondent contends that the deed only conveyed an easement for right of way for road purposes, and that in any event he has acquired the right to maintain his irrigation ditch thereon by adverse user and by reason of the fact that an easement was created in his favor to maintain such ditch as an incident of the conveyances between himself and his co-owner, Hurlburt.

The trial court found in favor of respondent on both propositions. First, "That the deed of October 31, 1908, grants to the defendant and his predecessors in interest a right of way or easement for a road to the land therein described reserving to plaintiff the title in fee to said land." Second, "That irrespective of the deed the plaintiff has a

prescriptive right to run water through the said ditch, over, through and across said right of way.''

[1]   The finding that the title to this strip of land is in the plaintiff, subject only to an easement in favor of defendant for its use for road purposes, is sufficient alone to support the judgment and injunction in plaintiff's favor, if it correctly interprets the deed, and in the absence of any showing that the maintenance of the irrigation ditch interferes with defendant's easement for a road.

[2]   We think the finding of the court as to the effect of this deed is correct.   [3]   There is no dispute under the authorities that a direct grant of a ''right of way'' for a road carries with it only an easement in the land.   Rights of way are classified as easements by section 801 of the Civil Code and section 2631 of the Political Code.   Nothing passes by a grant of a right of way ''but that which is necessary for its reasonable and proper enjoyment.''   (*Smith* v. *Worn,* 93 Cal. 206, 215, [28 Pac. 944, 946]; 3 Kent's Commentaries, 419, 420; *Patchett* v. *Pacific Coast Ry.,* 100 Cal. 505, [35 Pac. 73].)

It may be conceded that in this instrument the grantor used apt words to convey a fee title if we refer only to the language of the granting clause including and preceding the description of the land affected.   But a deed is to be construed as any other contract, from its four corners, and when we find in the granting clause immediately following the words of grant, bargain, and sale, and the description, the declaration of the grantor that ''this grant is for the purpose of granting to party of the second part a right of way from his premises to the county road,'' there can be no question but that the expressed intention is to limit the interest conveyed to an easement for a right of way. (The word ''purpose'' does not appear in the deed in the connection given in the above quotation, but in construing the language used both parties seem to concede that such was the purport of the omitted word, and there can be no doubt from the context that such was the fact.)

[4]   Under the rules of construction the whole instrument must be read together to determine the effect of a deed, and the *habendum* may be resorted to as a limitation upon the estate granted.

Section 1105 of the Civil Code declares that: "A fee simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended," and grants are to be interpreted as any other contract. (Civ. Code, sec. 1066.)

In *Barnett* v. *Barnett*, 104 Cal. 298, [37 Pac. 1049], it is said: "The intention, it is sometimes said, is to be gathered from the four corners of the instrument, and in case of a grant the *habendum*, as well as any other portion of the instrument is to be considered. The ordinary use of the *habendum* is to define or limit the quantity of interest or the estate which the grantee is to have in the property granted, and, although usually made a separate portion of the instrument, is not necessarily so, but may be wholly omitted, and the interest or estate granted may be defined or limited in the premises or granting part of the conveyance. (*Montgomery* v. *Sturdivant*, 41 Cal. 290.) . . . 'It is in such case to be considered as an *addendum* or proviso to the conveyancing clause, which by a well-settled rule of construction must control the conveyancing clause or premises, even to the extent of destroying the effect of the same.' "

Misconception of the effect of the qualifying language used in this deed has doubtless resulted from failing to distinguish between the use of the words "for the purpose of granting a right of way" as a limitation upon the interest conveyed, and the use of the words in cases cited by appellant merely expressing the purpose of making the grant, as indicating the grantor's motive, as in an unlimited grant of described land "for a road to and from said premises." (*Soukup* v. *Topka*, 54 Minn. 66, [55 N. W. 824]; *Eldridge* v. *See Yup Co.*, 17 Cal. 45; *Fitzgerald* v. *County of Modoc*, 164 Cal. 493, [44 L. R. A. (N. S.) 1229, 129 Pac. 794]; *Cooper* v. *Selig* (Cal. App.), 191 Pac. 983.)

There is a vast difference between a grant for purposes of "right of way" for a road and a grant of land "to be used for a road." The latter grant may be entirely consistent with the conveyance of a fee-simple title, as a road may be maintained as readily on land held in fee as under an easement, but the grant of land as a right of way recognizes nothing but an easement.

Of course, under the construction given this deed by the trial court, with which we are in accord, the finding of plaintiff's prescriptive right to maintain his water ditch across this strip of land becomes immaterial, but we may say that we think the evidence in support of such finding is ample. **[5]** In the first place, the easement to maintain this ditch apparently passed to plaintiff with the division of the land between himself and his cotenant, the evidence disclosing that the ditch was constructed over both tracts for the use of all the land while it was owned in common. "A transfer of real property passes all easements attached thereto, and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed." (Civ. Code, sec. 1104; *Quinlan* v. *Noble,* 75 Cal. 250, [17 Pac. 69].)

**[6]** Moreover, the evidence shows without contradiction that the plaintiff for upward of six years prior to bringing this action had been continuously, openly, and adversely, with full knowledge of the defendant, maintaining and operating this ditch, and under circumstances justifying the finding of the court that such use and possession was sufficient to establish a prescriptive right.

The judgment is affirmed.

Wilbur, J., Lennon, J., Lawlor, J., Shaw, J., Angellotti, C. J., and Olney, J., concurred.