[S. F. No. 13335. In Bank.—July 30, 1930.]

THE CITY OF BURLINGAME (a Municipal Corporation), Respondent, v. ERNEST L. NORBERG et al., Appellants.

Henry E. Monroe and Julia M. Easley for Appellants.

John F. Davis for Respondent.

PRESTON, J.—Apparently it is conceded that on August 10, 1905, the Howard Estate Company, a corporation, filed a supplemental map to the official map of the City of Burlingame, showing a division of a tract of land owned by it into lots and blocks and at the same time showing without name or number a strip running irregularly across said tract some twenty feet in width, embracing therein the bed of Burlingame Creek. The present controversy involves the reversionary estate in that portion of said strip, 155 feet 3 inches long, which parallels the city hall property in said town.

The uncontroverted facts are that following the filing of said map, plaintiff took possession of this area and has improved it as a channel for the drainage of storm waters arising in said town. Along the property in controversy at

least it has also constructed a retaining wall in said stream and between this wall and the southern boundary line of the city hall property, a width of some four feet, it has filled in said creek and for thirteen years next prior to the commencement of this action has utilized said four-foot strip in connection with the said city hall property. It appears also that said corporation, on July 3, 1916, made a conveyance to plaintiff, granting a right of way for the construction and maintenance of a storm sewer system in said creek of the box culvert type, authorizing the use of the full width of said creek and granting uninterrupted ingress and egress to and from same for said purpose.

The city claims this entire twenty-foot strip in fee. Appellants claim the above mentioned deed of 1916 measures the extent of plaintiff's rights. Plaintiff brought the present action in three counts; the first pleads ownership based upon express dedication; the second an easement by adverse user over said entire strip for the outlet of said storm waters and the third pleads ownership by prescription in said four-foot strip adjacent to the city hall property. The defendants denied all claims of plaintiff except such as resulted from the deed of 1916 and pleaded title in themselves subject to said deed. Plaintiff had judgment quieting title in fee to said entire strip, together with a specific judgment also to the same effect as to said four-foot strip. On the trial plaintiff did not deraign title from any source. Neither did the defendants connect themselves with the title to said property or offer any proof of any kind whatsoever. Our problem is what to do with a judgment of this breadth under these facts and conditions.

■ It is manifest that mere possession itself, unless it reaches the dignity of a prescriptive right, cannot support an action to quiet title (Civ. Code, sec. 1006). The amendment of 1915 to this section of the code (Stats. 1915, p. 933) superseded the holding in *Bond* v. *Aickley*, 168 Cal. 161 [141 Pac. 1188]. ■ Clearly it is not necessary in the dedication of an area to a public use to convey the title in the property. The effect of a dedication is not to deprive an owner of his land, but merely to prevent him during the period of dedication from asserting the right of exclusive possession and enjoyment thereof.

108

■ In this case a grant or the dedication of an easement, with the title in fee in the owner, is the extent to which respondent may find support in the record and this is true whether we consider the right as arising from the map filed or from adverse user or from the grant. If the city were condemning a right of way for a storm sewer, it could get no more than this. In neither case could the fee be taken. (*Wright* v. *Austin,* 143 Cal. 236, 240 [101 Am. St. Rep. 97, 65 L. R. A. 949, 76 Pac. 1023]; *Guernsey* v. *Northern California Power Co.,* 160 Cal. 699, 705 [36 L. R. A. (N. S.) 185, 117 Pac. 906]; *Porter* v. *City of Los Angeles,* 182 Cal. 515 [189 Pac. 105]; *Parks* v. *Gates,* 186 Cal. 151, 154 [199 Pac. 40]; *City of Oakland* v. *Schenck,* 197 Cal. 456, 462 [241 Pac. 545].) While these cases involve highway or street easements, the principle is equally applicable to a public drainage channel, which is but a right of way. Furthermore, the evidence has at least one missing element to establish a prescriptive title as to the four-foot strip for there is neither the allegation nor the proof of the payment of taxes nor proof of the absence of assessment for taxes upon this area. (See *Beckett* v. *City of Petaluma,* 171 Cal. 309 [153 Pac. 20].) Doubtless on a retrial a decree may be presented that will protect the rights of both parties.

The judgment is reversed.

Shenk, J., Seawell, J., Richards, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.