### CALVERT et al. v. HARRIS COUNTY.
### No. 9644.

Court of Civil Appeals of Texas. Galveston. Jan. 6, 1932.

Rehearing Denied Feb. 4, 1932.

Lipper & Insirilo, of Houston, for plaintiffs in error.

Roberts, Monteith, Baring & Wilson, of Houston, for defendant in error.

LANE, J.

This was a condemnation suit by the county of Harris against land owned by the plaintiffs in error for the purpose of widening Almeda road, in Harris county, Tex. The only issues in the trial court were: First, as to

the value of the land taken, exclusive of the mineral rights therein; and, second, was the value of the minerals therein an item of damage to plaintiffs in error; and, third, as to the value of the minerals in the land taken, as an item of damage and compensation due plaintiffs in error.

Both condemnor and condemnees introduced evidence as to the value of the land taken, exclusive of the mineral rights, and the condemnees introduced evidence as to the value of the mineral rights in the land taken. Condemnor in no way contested the value of the mineral rights, but merely insisted that the same were not an item of compensation to comdemnees.

The trial court found as to the value of the land taken, exclusive of the mineral rights therein, and held that the value of the mineral rights therein was not an item of compensation to condemnees, and made no finding whatever as to the value of the minerals in the land taken.

The court held in effect that the minerals underlying the surface of the land taken for road purposes were not taken by the condemnor, but that it remained the property of the condemnees.

Upon such holding, and upon the evidence as to the value of the land taken, the court rendered judgment for condemnees for the sum of $750, for such land. The condemnees have appealed from the refusal of the court to award to them the value of the minerals in question. Appellants in effect contend that the condemnation of the land for highway purposes effects a loss to them of the total value of the oil which flows or percolates below the surface so taken, and therefore the court erred in not allowing them compensation for such value.

We overrule appellants' contention. It is shown by an agreed statement of facts that the property taken by the condemnation proceeding for public highway purposes is a strip of land 40 feet in width taken from the border or next to the boundary of a certain tract of 13.77 acres of land belonging to appellants, which strip contains 0.915 of an acre of land; that there was no evidence showing that the land not taken was either increased or diminished in value by reason of such condemnation; that as a fact no such increase or diminution could be shown; that there was evidence to support a finding that the value of the land taken was as found by the court; and that two witnesses testified that the value of the mineral rights underlying the land taken was from $2,500 to $3,000. It was also agreed that the land taken was, at the time of the condemnation, under mineral lease to the Moody Corporation, and that such corporation has executed to the appellee, county of Harris, a quitclaim deed to such land. It is admitted by appellants that the condemnation of the land for public highway purposes covers only the surface right thereto, but they contend that as under such proceeding the county has exclusive use of the surface, and that, as appellants are excluded from drilling through the surface of such land, appellants will suffer a loss of the total value of the oil flowing or percolating under the land taken, because there is no way left for the condemnees to make any use whatever of the oil flowing or percolating beneath the surface of the 40-foot strip taken, and therefore, if it be conceded that condemnees still possess the right to take and use such oil, such right is destroyed for the reason that the condemnation proceeding has taken away from condemnees all possibility of drilling for such oil so as to be able to market it.

We think appellants' contention is untenable. The minerals in question in the present case being oil, the possibility of its being in a particular place is very uncertain, even though it may have been discovered near by, and, if it should be underneath the land condemned in this case, it could be extracted by drilling upon appellants' land lying adjacent to the right of way taken. As already shown, after the strip of 40 feet of land was taken for highway purposes, appellants still owned about 13½ acres of the tract from which said 40-foot strip was taken, upon which they can drill and drain the oil from under such 40-foot strip. By the condemnation proceeding appellants are not prohibited from drilling close to the highway for the purpose of taking any oil which may flow under the highway. The only prohibition is that they shall not interfere with the surface of the highway strip and thus destroy its use for highway purposes.

In Thompson on Real Property, vol. 1, page 90, we find this statement: " * * * the owner of the adjacent land on either side of the street, owns the minerals beneath, and he may mine underneath such highway, provided he does not thereby interfere with its use as a highway." City of Leadville v. Bohn Mining Co., 37 Colo. 248, 86 P. 1038, 8 L. R. A. (N. S.) 422, 11 Ann. Cas. 443, and Wright v. Austin, 143 Cal. 236, 76 P. 1023, 65 L. R. A. 949, 101 Am. St. Rep. 97.

In Lewis, Eminent Domain, vol. 2 (3d Ed.) page 1268, we find this statement: "When an easement is taken for a Railroad or other public use, the owner of the fee retains title to the minerals with the right to remove them, subject to the right of support for the railroad or whatever may be put upon the land, and to the right of exclusive use of the surface." See Southern Pac. R. Co. v. San Francisco Savings Union, 146 Cal. 290, 79 P. 961, 964, 70 L. R. A. 221, 106 Am. St. Rep. 36, 2 Ann. Cas. 962.

The settled rule is that in condemnation proceedings only an easement is acquired,

and that such easement is all that the law requires to be paid for. Southern Pac. R. Co. v. San Francisco Savings Union, supra.

In the case last cited the court said:

"We discover no reason why the rule pertaining to the determination of the value of an easement, which is adopted with reference to mineral lands, where the minerals are in situ, should not be applied to easements over oil-bearing lands. * * *

"It can hardly be that, in every case where a right of way is sought to be condemned over a strip of oil-bearing land, the valuable rights which were owned by the defendant when the condemnation proceedings were inaugurated, and which the condemning party does not acquire, are entirely lost to the defendant owning adjoining land by reason of the condemnation."

We have discovered no error committed by the trial court in the trial and disposition of this suit; the judgment is therefore affirmed.

Affirmed.