

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

XXXXXXXXXON
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3013
Re: Delay rental on oil and gas
leases on land purchased or
condemned by the State for
highway purposes.

        This will acknowledge receipt of your letter of January 2, 1941, and your supplemental letter of January 11, 1941, in which you ask for an opinion of this department as to what should be done with delay rentals tendered to the State by oil companies under the two following situations:

        1. Where a landowner has executed an oil and gas lease for a term of years providing for the payment of annual delay rentals and while said lease is outstanding the landowner conveys to the Highway Department fee simple titles to a portion of his land.

        2. Where the Highway Department condemns a portion of the land covered by the lease for highway right of way purposes.

        It is the opinion of this department that under the first situation above, where the Highway Department secures an outright deed in fee simple to a portion of land covered by an oil and gas lease, that the delay rentals on the portion of the land purchased should be paid to that department.

        Article 6673a, Sec. 1, Vernon's Annotated Texas Statutes, provides as follows:

        "Wherever the State Highway Commission has acquired or shall hereafter acquire any land by purchase, condemnation, or otherwise to be used as a right of way for any State Highway and thereafter the route of such Highway was or shall be changed or abandoned, and any such right of way be no longer needed for such Highway, or needed for use of citizens as a road, the State Highway Commission may

recommend to the Governor that such land be
sold and that he execute a deed conveying all the
State's right, title and interest in such land so
acquired. Upon the recommendation of the Commis-
sion, the Governor may execute a proper deed con-
veying and/or exchanging such land for different land
belonging to the same person or persons. It shall
be the duty of the Commission to fix the fair and
reasonable value of all such land and advise the
Governor thereof. Provided that where such land
is given to the State, the Governor may return the
same by proper deed to the person or persons from
whom the same is received. All money derived from
the sale of such land shall be deposited with the
funds from which it was originally taken. The
Attorney General shall approve all transfers under
this Act."

Since the land inquired about was purchased with the
funds appropriated to the Highway Department, even though the
delay rentals do not strictly constitute the sale price of any
land previously held by that department, the delay rental grew
out of the transaction of purchase made by the Highway Department
insofar as the State's interest is concerned, and in view of the
above statute, it logically should be paid to that department.

It is the opinion of this department, in answer to the
second inquiry above with respect to delay rentals on land con-
demned by the Highway Department for highway right of way purposes
under the right of eminent domain, that neither the Highway De-
partment nor any other branch of the State is entitled to such
delay rental since the State would own no interest in the minerals,
but only an easement with a right to use the surface for high-
way purposes.

In the case of Calvert, et al v. Harris County, 46
S.W. (2d) 375, decided by the Court of Civil Appeals at Galveston,
wherein the defendant in a condemnation suit by the county seek-
ing to condemn certain of his land for road purposes contended
that he was entitled to the value of the minerals under the land
taken. The court in overruling his contentions used the follow-
ing language:

"The settled rule is that in condemnation
proceedings only an easement is required and that
such easement is all that the law requires to be
paid for."

This opinion is not to be construed as holding that
under either of the two above situations that the oil company

would be authorized to develop the land taken by the Highway
Department for oil and gas purposes by operation on the prop-
erty taken.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/D.D. Mahon
D.D. Mahon
Assistant

DDM:BT:wc

APPROVED JAN 22, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman