[Civ. No. 23493. Second Dist., Div. Two. Feb. 26, 1959.]

THE CITY OF LOS ANGELES, Plaintiff, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Defendant and Appellant; COUNTY OF LOS ANGELES, Defendant and Respondent.

E. D. Yeomans and James W. O'Brien for Defendant and Appellant.

Harold W. Kennedy, County Counsel, and A. R. Early, Deputy County Counsel, for Defendant and Respondent.

ASHBURN, J.—This is a contest over the right to receive an award in eminent domain. The city of Los Angeles has condemned the fee of the subject parcel of land (known in

this cause as Parcel 15-18) and defendants County of Los Angeles and Pacific Electric Railway Company each claim the award of $5,600.

By deed executed and recorded on September 6, 1886, Erastus H. Johnson and George W. Lang conveyed a 50-foot strip of land (the parcel now under consideration) to the Board of Supervisors of Los Angeles County "for road purposes," and it was so used until formal vacation of the highway through proceedings begun on January 9, 1905, and concluded on March 11, 1908. On January 30, 1905, Huntington Land and Improvement Company and Pacific Electric Land Company conveyed to defendant Pacific Electric Railway Company a parcel of land which included the said strip then devoted to road uses by the county.

This controversy was submitted below upon a stipulation of facts which says: "That defendant Pacific Electric Railway Company has been in exclusive possession of the property within Parcel 15-18 and has paid taxes thereon from and after said vacation proceedings in 1908, to and including the order of possession which was obtained in the above entitled action on June 13, 1956." But counsel placed no reliance upon that phase of the case and concluded the stipulation as follows: "That if Exhibit A[1] granted to the County of Los Angeles title in fee simple, it is the owner of Parcel 15-18. That if Exhibit A granted the County of Los Angeles an easement for road purposes, Pacific Electric Railway Company is the owner of Parcel 15-18." There was thus presented to the trial court, and here, the sole question of the proper construction of the 1886 deed to the county,—whether it conveyed a fee or an easement.

The pertinent portions of that deed are: "We Erastus H. Johnson and George W. Lang do hereby grant to the Board of Supervisors of Los Angeles County and their successors in office all that real property situate in the County of Los Angeles, State of California described as follows being a strip of land fifty (50) feet wide extending across the land theretofore conveyed to said Johnson by Jessee Yarnell beginning at the east line of the land so conveyed and running west and then northwest following the general line of the telephone poles as they now stand and taking the said line of poles for the north and northeast lines of the strip hereby conveyed to the west line of said lot conveyed by Yarnell said strip is

---

[1]Exhibit A is the deed under consideration.

near to and partly within the lines of the upper road to San Gabriel to Los Angeles and it connects at its east end with a strip recently conveyed to the grantees by J. C. Newton and wife. The premises are hereby conveyed for road purposes."

The trial court held that a fee thereby vested in the county and hence it is entitled to the condemnation award. The railway company appeals. The case is governed by section 2631, Political Code, and the case of *People* v. *Thompson,* 43 Cal.2d 13 [271 P.2d 507].

Section 2631 was enacted as part of the original Political Code of 1872. It then read: "By taking or accepting land for a highway the public acquire only the right of way and the incidents necessary to enjoying and maintaining it, subject to the regulations in this and THE CIVIL CODE provided. All trees within the highway, except only such as are requisite to make or repair the road or bridges on the same land, are for the use of the owner or occupant of the land."[2] ▮ The statutory phrase "right of way" spells an easement (*Parks* v. *Gates,* 186 Cal. 151, 154 [199 P. 40]; *People* v. *Thompson, supra,* 43 Cal.2d 13, 21).

It is said in *Wright* v. *Austin,* 143 Cal. 236, 239 [76 P. 1023, 101 Am.St.Rep. 97, 65 L.R.A. 949], that section 2631 "is but the formulation of the general rule laid down in the books and decided cases when treating of highways as easements, which they are." To the same effect, see *Gurnsey* v. *Northern Cal. Power Co.,* 160 Cal. 699, 705 [117 P. 906, 36 L.R.A. N.S. 185]; *Wood* v. *Truckee Turnpike Co.,* 24 Cal. 474, 487-488; *Harding* v. *Jasper,* 14 Cal. 642, 650; *Porter* v. *City of Los Angeles,* 182 Cal. 515, 518 [189 P. 105]; Elliott, Roads and Streets (4th ed.), section 164, page 188; section 255, page 307; 25 California Jurisprudence 2d, section 166, page 21; 39 Corpus Juris Secundum, section 136, page 1072; 25 American Jurisprudence, section 132, page 426; section 134, page 430; 16 American Jurisprudence, section 56, page 402. ▮ A county road owned in fee is the exception; an easement is the general rule. ▮ Section 831, Civil Code, was also enacted in 1872, then and now reading: "An owner of land bounded by a road or

---

[2] The last sentence was eliminated by amendments of 1873-1874 (Amendments to Codes, 1873-1874, p. 116). The section was codified in 1935 as section 905 of Streets and Highways Code, reading as follows: "By taking or accepting land for a county highway, the public acquires only the right of way and the incidents necessary to enjoy and maintain the same, subject to the regulations provided in this and the Civil Code." (Stats. 1935, ch. 29, p. 303.) It will be noted that this limited the application of the section to county highways.

street is presumed to own to the center of the way; but the contrary may be shown.'' In other words, the presumptive result of a conveyance for road purposes is a grant to the county of an easement, not a fee.

Stress is laid by respondent and by the court below upon certain general rules for construction of grants, such as Civil Code, sections 1066 (grants to be interpreted in like manner as contracts), 1636 (so interpreted as to give effect to the mutual intention of the parties so far as ascertainable), 1639 (intention of a written contract to be ascertained from the writing alone), 1641 (so interpreted as to give effect to every part), 1069 (a grant to be interpreted in favor of the grantee), 1070 (if several parts of a grant are absolutely irreconcilable the former part to prevail), 1105 (a fee simple title is presumed to be intended to pass by a grant of real property, unless a contrary intent appears). But these sections are general in their nature and must yield to the sections (Pol. Code, § 2631, and Civ. Code, § 831) which deal with the specific subject of public roads. (See *People* v. *Moroney*, 24 Cal.2d 638, 644 [150 P.2d 888]; *Neuwald* v. *Brock*, 12 Cal.2d 662, 669 [86 P.2d 1047]; *Division of Labor Law Enforcement* v. *Moroney*, 28 Cal.2d 344, 346 [170 P.2d 3]; *In re Williamson*, 43 Cal.2d 651, 654 [276 P.2d 593].) "It is well settled . . . that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates." (*Rose* v. *State*, 19 Cal.2d 713, 723-724 [123 P.2d 505].)

That said section 2631 operates to create a presumptive easement is clear from its terms as well as those of section 831, Civil Code. The Code Commissioners' note to the 1872 Political Code cites *Adams* v. *Rivers*, 11 Barb. (N.Y.) 390 as explanatory of section 2631. That case says, at page 393: "The plaintiff proved, *prima facie*, that he owned and possessed both the lots mentioned in the complaint. These lots being bounded by public streets, extended to the centre of the street. This is undoubtedly the legal presumption."

The deed at bar evidences such an intention. It shows that the grantors are conveying a strip of land 50 feet wide ''extending across the land heretofore conveyed to said Johnson by Jessee Yarnell,'' which ''strip is near to and partly

within the lines of the upper road to San Gabriel to Los Angeles. . . . The premises are hereby conveyed for road purposes.'' This language raises the plain inference that the grantor owns the land on each side of the 50-foot strip (and thus comes within Civ. Code, § 831) and that that strip is partly within the lines of an existing roadway which upon settled principles is presumptively an easement. Finally, the limitation of the conveyance ''for road purposes'' points directly to section 2631 and its declaration of an implied easement.

Respondent's reliance upon *Las Posas W. Co.* v. *County of Ventura*, 97 Cal.App. 296 [275 P. 817], does not advance its cause, for that case was practically overruled by *People* v. *Thompson, supra*, 43 Cal.2d 13, 20-21. In the Las Posas instance it was held that the deed to a county for road purposes conveyed a fee, but there are certain features which differentiate it from the case at bar. The granting clause carried a strip of land 60 feet wide and stated that the ''total length of the road described'' was in excess of 19 miles. Then followed this: '' 'Together with all and singular the tenements, hereditaments and appurtenances, thereunto belonging, or in anywise appertaining and the reversion and reversions, remainder and remainders, rents, issues and profits thereof and also all the estate, right, title, interest, property, possession, claim and demand whatsoever as well in law as in equity of the said parties of the first part of, in or to the said premises and every part and parcel thereof, with the appurtenances.' '' The *habendum clause*: '' 'To have and to hold . . . forever as a public highway.' '' The deed at bar makes no mention of reversions or all estates at law or in equity; nor does it have a *habendum* clause.

The court held in Las Posas, at pages 299-300: ''Appellant contends that some effect must be given to the words 'as a public highway.' These words indicate the use to which the land should be put and they are not at all inconsistent with a conveyance of the title in fee. The land could be used 'as a public highway' equally as well whether a fee or a mere easement was conveyed. As we view it, the words in the *habendum* clause are not a restriction or limitation upon the clause which quitclaims the fee title. The granting clause could hardly have been clearer in expressing an intent to remise, release, and quitclaim the whole fee title, rather than a mere easement. In fact, an inspection of the clause as quoted above will disclose that words are used which are inconsistent with

an intention to convey a mere right of way over the land described.'' Concerning section 2631, Political Code, the opinion says: ''It has been said that this section is only the formulation of the general rule laid down in the books and decided cases when treating of highways as easements. (*Wright* v. *Austin,* 143 Cal. 236 [101 Am.St.Rep. 97, 65 L.R.A. 949, 76 P. 1023].) It is not new law, but simply means that by taking or accepting an easement over land for a highway the public (the people of the state) acquire only the right of way, etc. It should be borne in mind that this section has no reference to the fee title to the land which is servient to the easement. The fee title may belong to the owner of the adjacent property or it may belong to one who owns only the property which is subject to the easement itself. It may be owned by a private individual or corporation or by the county or by the state.'' (P. 300.) There was no petition for hearing in the Supreme Court.

In *People* v. *Thompson, supra,* 43 Cal.2d 13, 20, that tribunal discussed Las Posas, saying at page 20: ''That case, however, as appears from the numerous authorities hereinabove cited, is out of line with both earlier and later decisions of this court.'' The Supreme Court quoted the language concerning section 2631 which is hereinabove set forth and said, at page 21: ''To apply the quoted language of the Las Posas case to the present situation would require us to refuse to give effect to the plain provision of former section 2631 of the Political Code that 'By taking or accepting land for a highway, the public acquire *only the right of way,* and the incidents necessary to enjoying and maintaining the same. . . .' [Italics by the court.] Obviously, if that section is applicable at all it is applicable here; it was, indeed, an idle enactment if it meant merely that the public acquired only a right of way for a highway when the deed expressly conveyed only a right of way for a highway. . . . In the present case we hold that the court . . . correctly determined that the deed in question conveyed only an easement, and that any contrary implications in the Las Posas case . . . must be disapproved.''

In the Thompson case, *supra,* the question was one of the right to severance damage in a condemnation, which turned in part upon a determination of whether the highway that crossed the premises was owned by the state in fee or only as an easement. In arriving at the conclusion that the estate conveyed by the deed under consideration was an easement, the court said, at page 19: ''The document of conveyance is

entitled 'Grant Deed.' It provides that the grantors, in consideration of $10, 'hereby *grant* to The State of California *the real property* . . . described as follows: . . . It is hereby agreed that as a further consideration for the *granting of said right of way,* the State . . . [will abandon] the *old highway right of way* which is . . . not included within the 80' strip of land described herein'; grantors 'hereby waive all claim for damage or compensation for and on account of the establishment of *said State highway.*' [Italics by the court.]

''At the time of the execution of the 1924 deed section 2631 of the Political Code provided, 'By taking or accepting land for a highway, the public acquire only the right of way, and the incidents necessary to enjoying and maintaining the same, subject to the regulations in this and the Civil Code provided.'

''It is clear that, as ruled by the trial court, the deed, read as a whole and in the light of former section 2631 and the decisions construing and applying that section, was intended to and did convey only an easement. Numerous cases have recognized that while that section was in effect the public by acquiring land for a highway acquired only the rights described in such section. (See *Wright* v. *Austin* (1904), 143 Cal. 236, 238-240 [76 P. 1023, 101 Am.St.Rep. 97, 65 L.R.A. 949] ; *Gurnsey* v. *Northern Cal. Power Co.* (1911), 160 Cal. 699, 705 [117 P. 906, 36 L.R.A. N.S. 185] ; *Olaine* v. *McGraw* (1913), 164 Cal. 424, 428 [129 P. 460] ; *Porter* v. *City of Los Angeles* (1920), 182 Cal. 515, 519 [189 P. 105] ; *City of Oakland* v. *Schenck* (1925), 197 Cal. 456, 461 [241 P. 545] ; *City of Burlingame* v. *Norberg* (1930), 210 Cal. 105, 108 [290 P. 587] ; *People* v. *Olsen* (1930), 109 Cal.App. 523, 532 [293 P. 645] ; *People* v. *Church* (1943), 57 Cal.App.2d Supp. 1032, 1055 [136 P.2d 139].)''

The expressed view of the dissent (which respondent now embraces) that section 2631 applies only to a ''taking'' by condemnation or prescription, or ''accepting'' a dedication, and does not apply to acquisition through grant, reflects an inaccurate notion of dedication.[3] ▆▆▆ That a grant deed is one of the recognized vehicles for dedication to public use seems well settled. (See 15 Cal.Jur.2d, § 25, p. 290; *City of San Francisco* v. *Scott,* 4 Cal. 114, 117; *Harding* v. *Jasper, supra,* 14 Cal. 642, 650; *Wheeler* v. *City of Oakland,* 35 Cal.

[3]Section 2618, Political Code, lent no support to this view: ''Highways are roads, streets, or alleys, and bridges, laid out or erected by the public, or if laid out or erected by others, dedicated or abandoned to the public.''

App. 671, 674 [170 P. 864] ; 26 C.J.S. § 14, p. 424; 16 Am.Jur. § 21, p. 364.)

The actual holding of the Thompson case, *supra*, is that the subject deed "was intended to and did convey only an easement." We deem that case controlling here. The statutes (Pol. Code, § 2631, and Civ. Code, § 831), are read into the deed and become implied terms of the same. (Civ. Code, § 1066 ; 12 Cal.Jur.2d § 135, p. 348; 26 C.J.S., § 81, p. 806.) The presumption of an easement is not refuted by anything found within the four corners of the instrument and there is no parol evidence upon the intent of the parties.

Cases relied upon by respondent are readily distinguishable from the one before us. The opinions in *People* v. *County of Marin*, 103 Cal. 223 [37 P. 203], *Elliott* v. *McCombs*, 17 Cal.2d 23 [109 P.2d 329], *Cooper* v. *Selig*, 48 Cal.App. 228 [191 P. 983], *San Francisco-Oakland Terminal Rys.* v. *County of Alameda*, 66 Cal.App. 77 [225 P. 304], *Marshall* v. *Standard Oil Co.*, 17 Cal.App.2d 19 [61 P.2d 520], and *Basin Oil Co.* v. *City of Inglewood*, 125 Cal.App.2d 661 [271 P.2d 73], do not consider section 2631 or section 831.

*Wright* v. *Austin*, *supra*, 143 Cal. 236, 239, says that section 2631 is declaratory of a long established principle and holds that owners of abutting land may enjoin the sinking of a water well within a highway.

*Parks* v. *Gates*, *supra*, 186 Cal. 151, dealt with the grant of a "right of way" for a drainage ditch from the grantors' premises to the county road. It was held that that phrase connotes an easement and that the judgment properly enjoined obstruction thereof. The case did not involve ownership of a public road.

In 1955 section 905, Streets and Highways Code (the successor of § 2631) was amended by adding this concluding sentence : "This section shall not be construed or applied so as to prevent a county, city and county, or city from acquiring fee title to land for highway purposes." This seems to be intended as a legislative interpretation of the preexisting statute and also appears to have been prompted by the dissent in the Thompson case, *supra*. It was approved on June 22, 1955, approximately one year after the Thompson decision. The dissent therein says, at page 31 : "Neither the language of the opinions in those cases nor the factual bases upon which they were decided justifies the conclusion that the state could not by purchase acquire the fee with respect to land to be used as a highway. . . . This is the plain meaning of the

statute and I find no basis for holding that it prohibited the state from acquiring a fee by the deed which it obtained from Thompson's predecessors in interest.'' We do not so interpret the majority opinion, which held that the deed under consideration ''was intended to and did convey only an easement.'' True, that opinion in distinguishing *Palmer* v. *Los Angeles etc. Ry. Co.*, 55 Cal.App. 519, 521 [203 P. 1012], and *Midstate Oil Co.* v. *Ocean Shore R. R. Co.*, 93 Cal.App. 704, 708 [270 P. 216], used this language: ''The cases are not controlling here, for there was no limitation similar to former section 2631 as to the interest which the railroads could accept; they could acquire a fee by purchase, although if they did resort to eminent domain they could have acquired only an easement.'' (P. 20.) That is at best an intimation, rather than a holding, that the state had no capacity to take a fee for road purposes. Respondent's brief herein says, at page 5: ''*People* v. *Thompson* (1954), 43 Cal.2d 13 [271 P.2d 507], does not explicitly hold that Section 2631 of the Political Code prevented the State or the County from ever acquiring fee title to land to be used for road purposes; nor does it have the effect of converting the grant of a fee into the grant of a mere easement. Although some of the expressions in the opinion are undoubtedly susceptible to such a construction, such a result cannot reasonably be inferred from the opinion. Such a result would conflict with the entire legislative history of Section 2631. It would require overruling a long line of cases, including cases which the opinion expressly approves.'' But if the contrary be assumed the 1955 amendment to section 905 cannot affect the instant case.

It is well established that a legislative interpretation of an existing statute, though entitled to respect, does not bind the courts; if it is an erroneous construction it goes for naught; if a correct one it is surplusage. ''The subsequent legislation interpreting the statute construed, does not change the meaning; it merely supplies an indication of the legislative intent which may be considered together with other factors in arriving at the true intent existing at the time the legislation was enacted.'' (*Stockton Sav. & Loan Bank* v. *Massanet*, 18 Cal.2d 200, 204 [114 P.2d 592].) See also *Lawrence* v. *City of Concord*, 156 Cal.App.2d 531, 534 [320 P.2d 215]; 45 Cal.Jur.2d, § 178, p. 678. Especially is this true in the instant case for the title, whatever its quality, vested in 1886. The law then existing fixed it as a fee or an easement. Any statute passed in 1955 could not change the

quality of that estate. To permit it to do so would sanction retroactive legislation impairing vested rights, and that cannot be done. (*Estate of Thramm*, 80 Cal.App.2d 756, 765 [183 P.2d 97]; 45 Cal.Jur.2d, § 26, p. 552, § 28, p. 556.)

The judgment is reversed with instructions to make and enter a judgment declaring that the deed of 1886 from Johnson and Lang to the Board of Supervisors of Los Angeles County conveyed to the county only an easement for road purposes, and that defendant Pacific Electric Railway Company is entitled to receive the amount awarded herein for the taking of the subject premises.

Fox, P. J., and Herndon, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 22, 1959. Traynor, J., and Peters, J., were of the opinion that the petition should be granted.